**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TINA M. SIMMONS,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0842-16-0701-I-1

DATE: July 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tina M. Simmons</u>, Los Angeles, California, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying her request to pay the deposit to obtain retirement credit for certain periods of service because she had not made the deposit before final adjudication of her application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for retirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant retired on disability on May 31, 2014, after service with the Department of Justice between October 1, 1988, and July 10, 2012. Initial Appeal File (IAF), Tab 7 at 6, 45, 52-57. Her service had been subject to the Federal Employees' Retirement System (FERS). *Id.* Prior to her retirement, she received and signed a Standard Form (SF) 3107-1, Certified Summary of Federal Service, informing her that four periods of prior service between June 21, 1982, and September 30, 1988, were not subject to a Federal employee retirement system, no retirement deductions had been withheld from her salary for this service, and no deposit for this service had been paid. *Id.* at 49-50.

¶3    On May 22, 2014, OPM notified the appellant that her application for disability retirement under FERS had been approved. *Id.* at 28-30. The appellant submitted a SF-3108, Application to Make Service Credit Payment, on June 16, 2014, seeking to make a deposit for the four periods of service. *Id.* at 21. OPM

responded on September 27, 2014, informing her about the process for making a deposit to obtain service credit and warning her that failure to do so would affect the amount of her retirement annuity. IAF, Tab 15 at 4-5. The notice stated that she had 30 days in which to make a deposit of $1,189.00, her election to do so or not to do so was irrevocable, and payment by installments would not be permitted. *Id.* at 5. The notice further stated that making a deposit would increase her monthly annuity to $1,270.00, whereas her monthly annuity would remain at $1,131.00 if she failed to do so. *Id.*

¶4     On October 29, 2014, the appellant elected to make the deposit of $1,189.00, but she also requested that the amount of the deposit be deducted from her annuity on an installment basis because of financial hardship. IAF, Tab 7 at 20, 27, Tab 15 at 5. The agency thus issued another election notice on November 8, 2014, which reiterated the information in the September 27, 2014 notice but stated that the total amount due was $1,729.00. IAF, Tab 15 at 6-7. Because the appellant subsequently failed to pay the deposit and interest, OPM issued a letter on December 22, 2014, informing her that the amount of her annuity would not increase. IAF, Tab 7 at 19.

¶5     Pursuant to the appellant's September 18, 2015 and February 24, 2016 reconsideration requests, OPM on June 18, 2016, provided her with another opportunity to make a deposit for service credit. *Id.* at 17-18, 24-26. OPM reiterated that the total amount due was $1,729.00 and payment of such amount would increase the appellant's monthly annuity payment to $1,291.00. *Id.* at 17-18. On June 30, 2016, OPM notified the appellant of a final 45-day opportunity to pay the deposit for service credit and instructed her to remit the full amount due by check or money order if she wished to do so. *Id.* at 15.

¶6     After a telephone call with an OPM representative on July 14, 2016, during which OPM asserted that she indicated she would not make the deposit and requested that OPM waive the deposit, OPM issued its final decision on July 21, 2016, stating that the appellant's annuity had been finalized without the service

credit for the nondeduction service because she did not pay the required deposit and interest. *Id.* at 6-8, 16. This appeal followed. IAF, Tab 1.

¶7    The administrative judge characterized the issue in this appeal as whether the appellant met her burden of proving that the agency's July 21, 2016 reconsideration decision improperly found that she could not have the deposit plus interest waived for her nondeduction service prior to October 1, 1988, and have such service included in the computation of her FERS annuity. IAF, Tab 18 at 2-3. The administrative judge found that the appellant failed to meet her burden of proof because she undisputedly failed to make the required deposit after having been given multiple opportunities to do so. IAF, Tab 20, Initial Decision (ID) at 6. As for her contention that the agency erroneously failed to notify her that she had to make a deposit to receive credit for the four periods of service prior to October 1, 1988, the administrative judge found that she did not identify any regulation that the agency purportedly violated and further that she had known by October 29, 2012, that these periods of service had not been credited because she had not paid a deposit. ID at 7. The administrative judge additionally found that the appellant was notified within 4 months of her retirement date that she needed to pay a deposit to receive service credit for these periods of service but that she failed to do so after having been given multiple opportunities. *Id.* As for the appellant's contention that OPM denied her minimum due process, the administrative judge found that OPM gave her adequate notice of the consequences of failing to make a deposit and that she made a knowing decision not to pay the deposit. ID at 8. The administrative judge further found that the appellant received notice of OPM's initial decision, the opportunity to seek reconsideration of that decision, and a final decision from that agency. ID at 8-9. As such, the administrative judge found no evidence that she was denied minimum due process. ID at 9. The administrative judge thus affirmed OPM's reconsideration decision. *Id.*

¶8      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response opposing the petition, and the appellant has filed a reply.  PFR File, Tabs 4-5.

## ANALYSIS

¶9      On review, the appellant argues that she possesses additional documents that would change the outcome of this appeal.  PFR File, Tab 1 at 4, 8-9.  She appears to have submitted these documents with her petition for review.  *Id.* at 15-23, 25-28, 30.  She explains that she did not submit these documents when the appeal was before the administrative judge because he told her that he would not consider documents that were not relevant to the issue in the appeal.  *Id.* at 8-9; IAF, Tab 18 at 2-3.

¶10     Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Some of the documents accompanying the petition for review clearly predate the close of the record below, and the appellant has not established that the information in these documents was previously unavailable despite her due diligence; therefore, we will not consider them.  PFR File, Tab 1 at 25-28, 30.  The documents that do not predate the close of the record pertain to the circumstances under which the appellant separated from employment at the Department of Justice, a matter that is not before the Board in this appeal.  *Id.* at 15-23.  We find these documents are immaterial because they would not affect the outcome of the initial decision.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶11    The appellant argues that OPM should have allowed her to make her deposit in installments because making a lump-sum payment would have presented a financial hardship. PFR File, Tab 1 at 4, 10. Her argument is unavailing. She has not identified any statute or regulation that would have required OPM to offer her the opportunity to pay the deposit in installments. To the extent that she relies on an OPM guidance document entitled "Information About Service Credit Payments" for the proposition that she may pay a deposit in installments, *id.* at 4, 10, 26, she has failed to identify any statute or regulation requiring OPM to accept a deposit in installments after an application for retirement has been finalized. If OPM were to do so here, it would effectively grant the appellant service credit *before* she made a full deposit, which would be contrary to law. *See* 5 U.S.C. § 8411(f)(2) ("An employee . . . may not be allowed credit . . . for any service . . . for which retirement deductions . . . have not been made, unless such employee . . . deposits an amount equal to 1.3 percent of basic pay for such service, with interest."). Absent a specific statutory provision allowing the appellant to receive a requested benefit, both the Board and OPM lack the authority to grant the benefit for equitable reasons. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990).

¶12    The appellant also argues that the administrative judge misapplied the law, presumably regarding his findings on due process, because she was unaware "of any set rules and guidelines of my redeposit service credit years." PFR File, Tab 1 at 10; ID at 8-9. However, we find that the record supports the administrative judge's finding that the appellant received notice setting forth the procedures to follow in making a deposit several times. ID at 8; IAF, Tab 7 at 15, 17-18, 20-23, Tab 15 at 4-7.[2] The appellant additionally argues that, when OPM issued its final decision on July 21, 2016, it failed to honor the 45-day response period set forth in its June 30, 2016 letter giving her a final opportunity to make a

---

[2] We further find that the appellant's allegations of delays by OPM are not a basis for granting a waiver in the circumstances of this case. PFR File, Tab 1 at 8, 12.

deposit.  PFR File, Tab 1 at 4, 12, Tab 5 at 2-3; IAF, Tab 7 at 15.  The appellant, however, did not directly assert this argument during the proceeding before the administrative judge.  IAF, Tabs 1, 16-18.  The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not submitted such evidence.  Even if we were to consider this argument, we would find it unavailing because OPM issued its final decision in reliance upon a July 14, 2016 telephone conversation with the appellant during which she indicated that she *would not* be making a deposit and reiterated her request that OPM waive the requirement for a deposit.  IAF, Tab 7 at 7, 16.  The appellant has not disputed OPM's account of the July 14, 2016 telephone call or argued that she would have made the full deposit had she been afforded the full 45 days in which to respond.

¶13        Next, the appellant argues that the administrative judge denied her the witnesses whose testimony she wanted to present.  PFR File, Tab 1 at 3-4, 8.  An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).  Here, the administrative judge approved the appellant's testimony but did not approve that of other witnesses, including her former attorney, doctors, and former coworkers.  IAF, Tab 18 at 2.  Although the administrative judge did not explicitly explain why he denied those witnesses, we find that the appellant sought to introduce issues unrelated to the reconsideration decision on appeal, including matters related to her initial application for disability retirement and to her employing agency's decisions regarding accommodation of her disabling conditions.  IAF, Tabs 16-17.  She asserts on review that the testimony of the proposed witnesses would have been relevant to the review of OPM's reconsideration decision because those witnesses "had

personal knowledge of [her] medical condition and delays caused by . . . OPM" in the initial processing of her application for disability retirement. PFR File, Tab 1 at 8. We find that the appellant concurred with the administrative judge's characterization of the issue in this appeal, IAF, Tab 18 at 2-3, and she has not shown that this testimony would have been relevant or material to that issue. Thus, we find that the administrative judge did not abuse his discretion in excluding these witnesses' testimony.

¶14    Finally, the appellant argues that OPM submitted incomplete prehearing submissions. PFR File, Tab 1 at 4. She has not, however, identified what information might have been omitted from OPM's filings or explained how such information would have changed the outcome of her appeal.[3] We have reviewed the administrative judge's analysis and find the appeal to have been correctly decided. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] The appellant similarly points out that OPM incorrectly stated in its response to her petition for review that the initial decision was issued on December 28, 2016, rather than November 23, 2016. PFR File, Tab 5 at 2. She does not explain how such an error provides any basis for disturbing the initial decision.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.